# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IGNITE USA, LLC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. _____ |
| v. | ) |
| | ) Judge: |
| CAMELBAK PRODUCTS, LLC. | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Ignite USA LLC ("Ignite") hereby states its Complaint for Patent Infringement against Defendant CamelBak Products, LLC ("CamelBak") and avers as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code.

2. Ignite is a leading designer and provider of innovative and durable beverage containers and lids.

3. In keeping with its tradition of innovation, Ignite invented a beverage container lid assembly that includes a sealing mechanism with a movable seal arm or lever that in a first position facilitates opening and closing of a drink aperture

and in a second position provides access to the drink aperture for cleaning. Ignite obtained U.S. Patent No. 8,863,979 (the "'979 Patent") for that and the other inventions described and claimed therein.

4. Defendant CamelBak has recently begun to offer and sell in the United States a beverage container under the designation "Forge." CamelBak's Forge beverage container includes a lid assembly with a movable seal arm that in a first position facilitates opening and closing of a drink aperture, and in a second position provides access to the drink aperture for cleaning.

5. By making, using, offering for sale or selling its Forge beverage container and lid, CamelBak is infringing one or more claims of the '979 Patent. By this Complaint, Ignite seeks injunctive and monetary relief from CamelBak's acts of infringement. Moreover, given the circumstances of CamelBak's acts of infringement, the present case is exceptional and Ignite is entitled to enhanced damages and an award of its attorneys' fees.

## PARTIES

6. Ignite is a limited liability company organized and existing under the laws of Illinois, with its principle place of business at 180 North LaSalle Street, #700, Chicago, Illinois 60601.

7. On information and belief, CamelBak is a limited liability company organized and existing under the laws of Delaware, and has its principle place of business at 2000 South McDowell, Suite 200, Petaluma, California 94954.

## JURISDICTION AND VENUE

8. This action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*., including 35 U.S.C. § 271.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over CamelBak because CamelBak is doing business and has done business in the State of Illinois and in this District, or is otherwise a resident of this jurisdiction.

11. Venue in this Court is proper under 28 U.S.C. §§1391 and 1400(b).

## FACTUAL BACKGROUND
### Ignite's Products and Patent Rights

12. Ignite invests substantial time and effort in the research and development of new products. Ignite has developed a wide range of beverage containers and lids, including, for example, travel and desk mugs, water bottles, pitchers, and children's water bottles and food containers. Ignite has a tradition of innovation that is reflected in such products.

13. Ignite invented a novel lid assembly including a "self-sealing" drink

aperture mechanism that utilizes a push-button arm or lever.

14. Ignite has commercialized its self-sealing lid mechanism by offering such lids for sale in Illinois and elsewhere.

15. Ignite has obtained and owns patents directed to the inventions embodied in its self-sealing lid mechanism.

16. More particularly, on or about September 13, 2011, Ignite filed a provisional patent application entitled "Cleanable Trigger Mechanism For Beverage Container." That application resulted in certain patents, including the '979 Patent.

17. The '979 Patent issued on October 21, 2014 after a full and fair examination by the United States Patent and Trademark Office. A true and correct copy of the '979 Patent is attached hereto as Exhibit A.

18. Claim 10 of the '979 Patent states:

> A lid assembly for a beverage container, comprising:
>
> a lid housing having a drink aperture and a seal arm,
>
> the seal arm being connected to the lid housing and movable between a first position wherein the seal arm is adjacent the drink aperture and wherein the seal arm can assist in closing and opening the drink aperture,
>
> and a second position wherein the seal arm is distal the drink aperture,

>the seal arm being connected to the lid housing in the first position and the second position,
>
>the first position being an operable position for opening the drink aperture when the seal arm is in an open position and closing the drink aperture when the seal arm is in the closed position,
>
>and the second position being a cleaning position wherein the drink aperture is open for cleaning the lid assembly, the cleaning position of the seal arm being different from the open position and the closed position of the seal arm.

19. Ignite owns all right, title, and interest to the '979 Patent, including the right to sue for infringement thereof.

## CamelBak's Infringement

20. CamelBak provides a beverage container or "travel mug" under the designation "Forge."

21. On information and belief, CamelBak showed or displayed the Forge travel mug at trade shows in the United States before offering the product for sale at retail locations.

22. CamelBak recently began to offer the Forge travel mug for sale to consumers in the United States.

5

23. CamelBak promotes and displays its Forge travel mug on the Internet on its webpage www.camelbak.com/forge. Exhibit B is a true and correct copy of CamelBak's webpage showing the Forge travel mug.

24. CamelBak has offered and continues to offer for sale its Forge travel mug at retail establishments such as Recreational Equipment, Inc. ("REI"). Exhibit C is a true and correct copy of a webpage from the REI website showing the Forge travel mug available for purchase at REI retail locations in Lincoln Park, Chicago, Illinois; Oakbrook Terrace, Illinois; Northbrook, Illinois; and Schaumburg, Illinois. Exhibit D is a true and correct copy a page from the REI website showing the Forge travel mug offered for sale online.

25. CamelBak has offered and continues to offer for sale its Forge travel mug on Amazon.com. Exhibit E is a true and correct copy of a webpage from the Amazon.com website showing the Forge travel mug offered for sale online.

26. The Forge travel mug provides a self-sealing lid that includes a seal arm or lever that in a first position facilitates opening and closing of a drink aperture and in a second position provides access to the drink aperture for cleaning.

27. More particularly, as shown below, the seal arm or lever of the Forge travel mug is configured to be movable into a first or closed position so as to close the drink aperture, and further configured such that manipulation of that arm or

6

lever facilitates opening of the drink aperture:



The above graphic representation is shown in Exhibit F, which is a true and correct copy of the graphic representation from the CamelBak website (Exhibit B) showing the Forge travel mug lever in a first or closed position.

28. Further, as shown below, the seal arm or lever of the Forge travel mug is configured to be movable into a second or cleaning position that provides access to the drink aperture for cleaning:



7

The above graphic representation is shown in Exhibit G, which is a true and correct copy of the graphic representation from the CamelBak website (Exhibit B) showing the Forge travel mug in a second or cleaning position.

29. The Forge travel mug infringes one or more claims of United States Patent No. 8,863,979, including but not limited to Claim 10.

30. CamelBak has purposefully, actively and voluntarily offered for sale and sold the Forge travel mug with the expectation that it would be purchased or used by consumers in Illinois and elsewhere. By such acts, CamelBak has injured Ignite and is thus liable to Ignite for infringement of the Ignite Patents pursuant to 35 U.S.C. § 271.

### CamelBak Has Had Notice of Ignite's Intellectual Property

31. At a trade show in August of 2012, while the application that resulted in the '929 Patent was still pending, Ignite's Chief Executive Officer, Sami El-Saden, notified CamelBak's Chief Executive Officer, Sally McCoy, and expressed concerns that the Forge travel mug may implicate Ignite's intellectual property rights.

32. After and despite such notice from Ignite, CamelBak proceeded to offer the Forge travel mug for sale in the United States.

**COUNT I**
**PATENT INFRINGEMENT**

33. The allegations contained in paragraphs 1-32 above are incorporated by reference as if fully set forth herein.

34. The '979 Patent, entitled "SEAL MECHAMSIM FOR BEVERAGE CONTAINER," was duly and properly issued by the United States Patent and Trademark Office on October 21, 2014.

35. On information and belief, CamelBak has infringed, and continues to at least directly infringe the '979 Patent by making, offering to sell, selling and/or using the Forge travel mug in the United States.

36. CamelBak's acts have been without express or implied license from Ignite, and are willful and in reckless disregard of Ignite's patent rights. On information and belief, CamelBak will continue to infringe the '979 Patent unless enjoined by this Court.

37. As a result of CamelBak's acts of infringement, Ignite has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Ignite is entitled to preliminary and permanent injunctive relief against such infringement under 35 U.S.C. § 283.

38. As a result of CamelBak's infringement, Ignite has been damaged, will further be damaged, and is entitled to compensation for such damages under 35 U.S.C. § 284.

## REQUEST FOR RELIEF

WHEREFORE, Ignite respectfully prays for judgment as follows:

A. A judgment holding CamelBak liable for infringement of the '979 Patent, specifically that CamelBak has infringed the '979 Patent;

B. An order preliminarily and permanently enjoining CamelBak, its officers, agents, servants, employees, attorneys, all those in active concert or participation with it, and all other parties properly enjoined by law, from continued acts of direct infringement, and from any acts of contributory or inducement of infringement, of the '979 Patent;

C. An award of damages adequate to compensate Ignite for all such unauthorized acts of infringement pursuant to 35 U.S.C. § 284, and treble the damages award by reason of the willful and deliberate nature of CamelBak's acts of infringement also pursuant to 35 U.S.C. § 284;

D. A declaration that this case is exceptional within the meaning of 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure, and an award to Ignite of its reasonable attorneys' fees, expert expenses, along with

other costs and expenses as incurred in the prosecution of this action; and

      E.      An award of such other and further relief as the Court deems just and proper.

## JURY DEMAND

Ignite requests a jury trial on any all issues properly so triable.

Dated: November 17, 2014   Respectfully submitted,

                                                      IGNITE USA, LLC

                                          By: /s/ Jonathan M. Cyrluk
                                                One of its Attorneys

CARPENTER LIPPS & LELAND LLP
Jonathan M. Cyrluk (*ARDC No. 6210250*)
 *cyrluk@carpenterlipps.com*
180 North LaSalle Street
Suite 2640
Chicago, IL 60601
Tel.: (312) 777-4820

Of counsel:

MEUNIER CARLIN & CURFMAN, LLC
Stephen M. Schaetzel
 (*Georgia State Bar No. 628653*)
Gregory J. Carlin
 (*Georgia State Bar No. 455865*)
Jessica A. Keesee
 (*Georgia State Bar No. 940481*)

817 W. Peachtree Street
Suite 500
Atlanta, GA 30308
Tel.: (404) 645-7700
Fax: (404) 645-7707