**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IGNITE USA, LLC**,<br><br>    Plaintiff,<br><br>  v.<br><br>**CAMELBAK PRODUCTS, LLC**,<br><br>    Defendant. | Civil Action No. 1:14-cv-09210<br><br>The Honorable John J. Tharp, Jr.<br><br>Magistrate Judge Michael T. Mason |

## REPORT OF THE PARTIES' PLANNING MEETING

1. The following persons participated in a Rule 26(f) conference on January 15, 2015, by telephone conference:

    Jonathan M. Cyrluk, David S. Moreland, and Walter Hill Levie III, representing Plaintiff Ignite USA, LLC.

    Maura McIntyre Neville, Steven M. Wilker, Jon P. Stride, and Eric Beach, representing Defendant CamelBak Products, LLC.

2. Initial Disclosures. The parties have completed the initial disclosures required by Rule 26(a)(1).

3. Disclosures and Discovery Pursuant to Local Patent Rules. The parties acknowledge that the requirements of the Local Patent Rules apply to this case.

4. Additional Discovery Plan. The parties propose the following in addition to the discovery plan and schedules addressed in the Local Patent Rules:

    (a) The parties state that while they presently believe the limitations under Fed. R. Civ. P. 33 to be appropriate, they agree to cooperate reasonably should additional written interrogatories be deemed necessary by either party. In the event the parties are unable to agree, the parties reserve the right to seek leave to serve additional written interrogatories.

    (b) The parties state that while they presently believe the limitations under Fed. R. Civ. P. 36 to be appropriate, they agree to cooperate reasonably should additional

requests for admission be deemed necessary by either party. In the event the parties are unable to agree, the parties reserve the right to seek leave to serve additional requests for admission.

(c) The parties state that while they presently believe the limitations under Fed. R. Civ. P. 30 to be appropriate, they agree to cooperate reasonably should additional depositions be deemed necessary by either party. In the event the parties are unable to agree, the parties reserve the right to seek leave to take additional depositions.

(d) The parties state that while they presently believe the limitations under Fed. R. Civ. P. 30 to be appropriate, they agree to cooperate reasonably should additional time to take a deposition(s) be deemed necessary by either party. In the event the parties are unable to agree, the parties reserve the right to seek leave for additional time to take a deposition(s).

(e) Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

5. Alternative Discovery Plan. The parties propose a discovery plan that differs from that provided in the Local Patent Rules, for the reasons described with particularity in Exhibit 1 to this Report:

Neither party proposes a discovery plan at this time that differs from that provided in the Local Patent Rules. However, the parties have submitted a proposed Initial Patent Scheduling Order attached hereto as Exhibit 1, setting forth the applicable case deadlines as provided by the Local Patent Rules.

6. Other Dates:

(a) The parties agree and stipulate that supplementations in this case shall be governed by Fed. R. Civ. P. 26(e) and the Court's Local Patent Rules.

(b) Pursuant to the Court's Order dated December 10, 2014 (Dkt. No. 18), an initial status conference is set in this matter for February 5, 2015, at 9:00 a.m. Neither party requests any additional conferences at this time.

(c) Pursuant to the Court's Order dated December 10, 2014 (Dkt. No. 18), an initial status conference is set in this matter for February 5, 2015, at 9:00 a.m. Neither party requests any additional conferences at this time.

(d) The parties agree and stipulate that amended and supplemental pleadings must be filed in accordance with the time limitations and provisions of Fed. R. Civ. P. 15. The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

(e) The parties agree and stipulate that amended and supplemental pleadings must be filed in accordance with the time limitations and provisions of Fed. R. Civ. P. 15. The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

(f) The parties agree and stipulate that witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibits lists must be served in accordance with the time limitations and provisions of Fed. R. Civ. P. 26.

(g) The parties agree and stipulate that any objections to another party's witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibits lists must be served in accordance with the time limitations and provisions of Fed. R. Civ. P. 26.

7. Other Items:

(a) The parties state that there are no prospects for settlement at this time. However, the parties may discuss the possibility of settlement after discovery.

(b) The parties presently believe that an alternative dispute resolution procedure will not enhance settlement prospects.

(c) Communications between a party's attorney and a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, are subject to discovery by the opposing party only to the extent provided in Rule 26(b)(4)(B) and (C).

(d) In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art," "best mode," "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term in its response, and limiting the response to that definition.

(e) The parties are currently undecided whether the video "An Introduction to the Patent System" distributed by the Federal Judicial Center, should be shown to the

jurors in connection with its preliminary jury instructions. The parties will provide input to the Court on this issue when submitting pre-trial disclosures.

(f) The parties agree that the provisions of Sections 3A, B and C of the America Invents Act ("AIA") concerning the revisions to 35 U.S.C. §§ 102, 103 do not apply to the patent-in-suit in this case. The parties agree and stipulate that U.S. Patent Application Serial No. 14/094,128, which issued as the patent-in-suit, U.S. Patent No. 8,863,979, was examined under the pre-AIA provisions of 35 U.S.C. §§ 102, 103, which shall apply in this case.

(g) Defendant CamelBak Products LLC presently intends to file a Petition for *Inter Partes* Review with the Patent Trial and Appeals Board to challenge the validity of Claims 1, 3, 6, 8 and 10 – 15 of U.S. Patent No. 8,863,979. Defendant expects to file its Petition before the end of February 2015. In connection with that Petition, defendant may move to stay this case. Plaintiff will oppose any such motion.

**IGNITE USA, LLC**

DATED: January 29, 2015

By: s/Jonathan M. Cyrluk
Jonathan M. Cyrluk (*ARDC No. 6210250*)
 *cyrluk@carpenterlipps.com*
**CARPENTER LIPPS & LELAND LLP**
180 North LaSalle Street, Suite 2640
Chicago, Illinois 60601
Telephone: (312) 777-4300
Facsimile: (312) 777-4839

David S. Moreland (admitted *pro hac vice*)
 *gcarlin@mcciplaw.com*
Walter Hill Levie III (admitted *pro hac vice*)
 *tlevie@mcciplaw.com*
**MEUNIER CARLIN & CURFMAN, LLC**
817 West Peachtree Street, N.W., Suite 500
Atlanta, Georgia 30308
Telephone: (404) 645-7700
Facsimile: (404) 645-7707

Attorneys for Plaintiff
**IGNITE USA, LLC**

**CAMELBAK PRODUCTS, LLC**

DATED:  January 29, 2015            By: s/Jon P. Stride
                                                Jon P. Stride

                                                Maura McIntyre Neville
                                                  *mmneville@uhlaw.com*
                                                **UNGARETTI & HARRIS LLP**
                                                70 West Madison Street, Suite 3500
                                                Chicago, Illinois 60602
                                                Telephone: (312) 977-4423
                                                Facsimile: (312) 988-4405

                                                Steven M. Wilker (admitted *pro hac vice*)
                                                  *steven.wilker@tonkon.com*
                                                Jon P. Stride (admitted *pro hac vice*)
                                                  *jon.stride@tonkon.com*
                                                Eric Beach (admitted *pro hac vice*)
                                                  *eric.beach@tonkon.com*
                                                **TONKON TORP LLP**
                                                888 SW Fifth Avenue, Suite 1600
                                                Portland, Oregon 97204
                                                Telephone: (503) 221-1440
                                                Facsimile: (503) 274-8779

                                                Attorneys for Defendant
                                                **CAMELBAK PRODUCTS, LLC**

**EXHIBIT 1**

**[PROPOSED] INITIAL PATENT SCHEDULING ORDER**

IT IS HEREBY ORDERED that based on the Local Patent Rules:

(1) The parties shall serve Initial Disclosures under Fed. R. Civ. P. 26(a) and LPR 2.1 by **January 23, 2015**;

(2) Fact discovery shall commence on **January 23, 2015**;

(3) The parties shall file their Report of the Parties' Planning Meeting by **January 29, 2015**;

(4) The party claiming patent infringement must serve on all parties "Initial Infringement Contentions," pursuant to LPR 2.2, by **February 6, 2015**;

(5) The party opposing a claim of patent infringement or asserting invalidity or unenforceability must serve on all parties "Initial Non-Infringement, Unenforceability and Invalidity Contentions," pursuant to LPR 2.3 and 2.4, by **February 23, 2015**;

(6) The party claiming patent infringement must serve on all parties its "Initial Response to Invalidity Contentions," pursuant to LPR 2.5, by **March 12, 2015**;

(7) The party claiming patent infringement must serve on all parties "Final Infringement Contentions," pursuant to LPR 3.1, by **July 3, 2015**;

(8) The party asserting invalidity or unenforceability of a patent claim must serve on all parties "Final Unenforceability and Invalidity Contentions," pursuant to LPR 3.1 and 3.3, by **July 3, 2015**;

(9) The party asserting patent infringement must serve on all parties "Final Contentions in Response to Final Unenforceability and Invalidity Contentions," pursuant to LPR 3.2, by **August 3, 2015**;

(10) The party asserting non-infringement of a patent claim must serve on all parties "Final Non-Infringement Contentions," pursuant to LPR 3.2, by **August 3, 2015**;

(11) The parties shall exchange proposed claim terms to be construed along with proposed constructions, pursuant to LPR 4.1(a), by **August 20, 2015**;

(12) The parties shall meet and confer, pursuant to LPR 4.1(b), and agree upon no more than ten (10) terms or phrases to submit for construction by the Court, by **August 27, 2015**;

(13) The parties shall complete fact discovery by **September 17, 2015**, and all interrogatories, depositions, requests for admissions, and requests for production shall be served within sufficient time to allow responses to be completed prior to the close of discovery. Pursuant to LPR 1.3, the parties shall have an additional forty-two (42) days in which to take fact discovery upon entry of the Court's claim construction ruling;

(14) The party opposing infringement shall file an Opening Claim Construction Brief, pursuant to LPR 4.2(a), by **September 24, 2015**;

(15) The parties shall file a Joint Appendix containing the patent(s) in dispute and the prosecution history for each patent, pursuant to LPR 4.2(b), by **September 24, 2015**;

(16) The party claiming infringement shall file a Responsive Claim Construction Brief, pursuant LPR 4.2(c), by **October 22, 2015**;

(17) The party opposing infringement shall file a Reply Claim Construction Brief, pursuant to LPR 4.2(d), by **November 5, 2015**, unless this date is otherwise extended under the provisions of LPR 4.1(c);

(18) The parties shall file (1) a joint claim construction chart, pursuant to LPR 4.2(f), and (2) a joint status report, pursuant to LPR 4.3, by **November 12, 2014**;

(19) The Court will conduct a hearing on the issue of claim construction at the Court's convenience pursuant to LPR 4.3;

(20) Each party, pursuant to LPR 5.1(b), shall make its initial expert witness disclosures required by Fed. R. Civ. P. 26 on issues for which it bears the burden of proof within twenty-one (21) days after the close of discovery after the claim construction ruling;

(21) Each party, pursuant to LPR 5.1(c), shall make its rebuttal expert witness disclosures required by Fed. R. Civ. P. 26 on issues for which it bears the burden of proof within thirty-five (35) days after the date for initial expert reports;

(22) The parties shall complete depositions of experts within thirty-five (35) days after exchange of expert rebuttal disclosures, pursuant to LPR 5.2; and

7

(23) The parties shall file all dispositive motions within twenty-eight (28) days after the scheduled date for the end of expert discovery, pursuant to LPR 6.1.

IT IS SO ORDERED, this _____ day of _____, 2015.


                                                                                                            _____
THE HONORABLE JOHN J. THARP, JR.
UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this 29th day of January, 2015, a copy of the foregoing **Report of the Parties' Planning Meeting** was filed with the Clerk of the Court using the CM/ECF system, which will provide electronic notification of such filing to all counsel of record.

                                        By: s/Jonathan M. Cyrluk
                                                  One of the Attorneys for Plaintiff